NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30155 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00051-BMM-1 |
| v. | |
| JOHN WILLIAM LIEBA II, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 9, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[***] District Judge.

John William Lieba II challenges the sufficiency of the evidence supporting

his convictions for kidnapping an individual under eighteen, aggravated sexual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

abuse, and assault resulting in serious bodily injury on an individual under eighteen. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Viewed in the light most favorable to the government, *United States v. Nevils*, 598 F.3d 1158, 1163–65 (9th Cir. 2010) (en banc), the eyewitness, medical, and DNA evidence that Mr. Lieba abducted a four-year-old girl, penetrated her vaginally and/or anally, and strangled her is sufficient to support Mr. Lieba's three convictions.

1. To prove that Mr. Lieba kidnapped an individual under eighteen in violation of 18 U.S.C. §§ 1201(a) and 3559(f)(2), the government must show that Mr. Lieba intentionally and unlawfully abducted a person younger than eighteen. It is undisputed that M.L. was abducted, and that she was younger than eighteen at the time. To prove that Mr. Lieba committed the abduction, the government introduced the eyewitness testimony of J., the DNA evidence of M.L.'s DNA on Mr. Lieba's hand and of Mr. Lieba's DNA on M.L.'s chest, the audio recording of Mr. Lieba telling the FBI interviewer where to look for M.L., and other circumstantial evidence, such as eyewitness testimony that Mr. Lieba had chased other children earlier that evening. Based on this evidence, a rational trier of fact could have found beyond a reasonable doubt that Mr. Lieba abducted M.L. *Nevils*, 598 F.3d at 1163–64.

2. To prove that Mr. Lieba committed aggravated sexual abuse in violation of 18 U.S.C. § 2241(c), the government must show that Mr. Lieba knowingly engaged in a sexual act with a person who was younger than twelve at the time. A "sexual act" is defined as penetrative contact between the penis and either the vulva or the anus. 18 U.S.C. § 2246(2)(A). As noted above, it is undisputed that M.L. was younger than twelve at the time of her abduction and assault.

On appeal, Mr. Lieba renews his argument that the government failed to show that M.L.'s injuries were caused by a "sexual act," as her injuries could have been caused by penetration by a hand or some other object. Circumstantial evidence would allow a rational trier of fact to conclude that a "sexual act" occurred: specifically, M.L.'s DNA on Mr. Lieba's penis, and the apparent transmission of herpes from Mr. Lieba to M.L.'s anus. Because this court may not ask whether a finder of fact *could have* construed the evidence produced at trial to support acquittal, and instead asks whether a reasonable juror could have convicted on the evidence viewed in the light most favorable to the government, *Nevils*, 598 F.3d at 1164, Mr. Lieba's conviction for aggravated sexual abuse is supported by sufficient record evidence.

3. To prove that Mr. Lieba committed assault resulting in serious bodily injury on an individual under eighteen in violation of 18 U.S.C. §§ 113(a)(6) and 3559(f)(3), the government must show (1) that Mr. Lieba intentionally struck or

wounded a person; (2) that the person was younger than eighteen at the time; and (3) that the assault caused the person serious bodily injury. *See United States v. Loera*, 923 F.2d 725, 728–29 (9th Cir. 1991). "Serious bodily injury" is defined as injury causing "a substantial risk of death," "extreme physical pain," "protracted and obvious disfigurement," or "protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. §§ 113(b)(2), 1365(h)(3). As above, M.L.'s age is undisputed.

The medical evidence demonstrates that M.L. was assaulted, and that she suffered "serious bodily injury" as statutorily defined. Medical testimony supports the conclusion that she was strangled, and that strangulation is an injury causing "a substantial risk of death." *See* 18 U.S.C. § 1365(h)(3)(A). The presence of M.L.'s DNA on Mr. Lieba's hand, combined with Mr. Lieba's statement during the second interview that he "doubted" whether M.L. was still alive, was sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that Mr. Lieba intentionally strangled M.L. *Nevils*, 598 F.3d at 1163–64.

**AFFIRMED.**